FletcheR, J.
The plaintiff in this action, which is covenant broken, declares upon an indenture between himself and the defendant corporation, bearing date the 25th day of April, A. D. 1845, in which the plaintiff agrees to serve the said corporation, as superintendent of their flour mill, about to be erected, for the term of five years; for which services the corporation agree to pay him a salary of twenty-five hundred dollars, payable semi-annually, and also a certain portion of the profits of the business, subject to certain qualifications and limitations, set forth in said indenture. The plaintiff alleges a performance and a tender of performance of all things which belonged to him to perform, agreeably to the covenants and agreements contained in said indenture.
The plaintiff further avers, that the corporation refused to permit him to serve them, and did, on the 5th day of January, 1848, discharge him, against his will and without his consent, from said office of superintendent, and did forcibly eject and expel him therefrom, and from the mill, storehouses, and other premises of the corporation, and still do keep and hold him out from their service.
The plaintiff also sets forth, as the breaches by him relied upon and for which he claims damages, the omission and refusal of the corporation to pay him two quarter-yearly payments, of six hundred and twenty-five dollars each, and the omission and refusal of the corporation to pay him the share and amount of profits due to him.
The defendants set up,' as a defence to the action, that the contract between the parties, as contained in the original indenture, had been changed by mutual agreement, so that either party had a right to terminate the contract, under the indenture, by giving the other three months’ notice ; and that the defendants, in pursuance of the provision of the contract as thus changed, had given the three months’ notice, and had thus terminated the contract, so that the plaintiff was not entitled to the wages and profits claimed in this suit.
To show the alleged alteration in the contract, two letters *23 of the plaintiff were introduced, which the defendants insisted made an agreement on his part, that the contract should be altered as alleged, so that either party might terminate the same, by giving three months’ notice to the other. The defendants also introduced a vote of the corporation, agreeing on their part to such alteration, and alleged that the contract had thus been altered by the mutual agreement, of the parties.
The plaintiff alleged that his letters, introduced by the defendants, did not amount to an agreement on his part, that such an alteration should be made in the contract, but only, contained a suggestion that it might be for the advantage of the parties to make such an agreement; thus inviting the defendants to a conference on the subject, but that no conference was had, and no agreement was ever in fact made.
The case, therefore, turns upon the construction of the plaintiff’s letters ; whether they contain a suggestion merely, opening the way to a negotiation between the parties, or whether they contain a definite agreement on the part of the plaintiff to the alteration proposed; so that, when the. same was agreed to by the corporation, and notice given to the plaintiff, a binding agreement between the parties was completed, nothing more having been done or said by either party.
Upon examining the letters, it seems too clear for controversy that they contain merely an intimation or suggestion, but nothing like an agreement. In the first letter, which is dated October 19,1847, the plaintiff says : “ I think it would be for the mutual advantage of all parties ” that either party have liberty to terminate the contract, &c. This is merely the expression of an opinion. If the parties had come together, the plaintiff might have insisted upon various terms, conditions, and considerations, before he would have entered into an agreement.
But in his next letter, which is dated October 25,1847, the plaintiff says : “ A few days ago, I addressed a note to you, in which I suggested the making an additional clause to the contract with me for my services.”
*24 In this letter, the plaintiff declares that what was said in his first letter was intended only as a suggestion. In this letter the plaintiff also suggests certain other things as desirable to have done, in amendment of the original contract in the indenture.
The defendants received this last letter more than a month before they acted on the subject; and, therefore, well knew that what was said in his letters was meant by the plaintiff as a suggestion merely, and not as an agreement. The defendants, by treating as an agreement what the plaintiff expressly told them he intended merely as a suggestion, could not make it an agreement. To establish the agree-, ment set up in defence, it was necessary to show the concurrence of both parties; but it does, not appear that the plaintiff, on his part, ever entered into any such agreement, so that the defence wholly fails.
It was maintained on the part of the plaintiff, that, even if his letters contained an agreement on his part, he was released from it by the delay on the part of the defendants in acting on the subject. But it is not necessary to consider this question.
The judgment is, that the suit is well maintained, and tto» case will be sent to an assessor, to ascertain the amount of damages. See post, 376.